UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WE, LLC d/b/a WILD ENCANTOS,
    Plaintiff,

v.

MRJ DISTRIBUTORS, INC., ET AL.,
    Defendants.

Civil No. 24-1584 (ADC)

**OPINION AND ORDER**

Plaintiff WE, LLC ("Wild Encantos" or "plaintiff") brought suit against M.R.J. Distributors, Inc. ("MRJ"), Supermercados Máximo Inc. ("Supermax"), Wal-Mart of Puerto Rico ("Walmart"), José González, and Joel González (each one, a "defendant," and collectively, the "defendants"). **ECF No. 1**. MRJ moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 16**. Plaintiff opposed and defendants replied. **ECF Nos. 25, 30**. Supermax moved to dismiss the complaint pursuant to Fed. R. Civ. P. 10(a) and 12(b)(6). **ECF No. 39.** For the reasons discussed below, MRJ's motion to dismiss is **GRANTED IN PART, DENIED IN PART** and Supermax's motion to dismiss is **GRANTED**.

I.    **Factual and Procedural Background**

On December 20, 2024, Wild Encantos filed suit against defendants, alleging copyright infringement, false designation of origin, false description, and seeking preliminary and

permanent injunctive relief,[1] damages, and reasonable attorney's fees pursuant to 17 U.S.C. § 101 *et. seq.* and 15 U.S.C. § 1125. **ECF No. 1**, at 14-15. Wild Encantos alleges that it was assigned exclusive copyright rights and privileges for a musical plush toy coquí frog (copyright registration number V3473D525) and a musical plush toy parrot (copyright registration number VA0001138520), as well as the toys' accompanying hang tags (copyright registration numbers TX0005535397 and TX0005550274, respectively). *Id.*, ¶¶ 23, 28-29. Wild Encantos' musical plush toy coquí frog mimics the body shape and pose of the coquí in nature, and incorporates a Puerto Rican flag stitched onto the frog's belly. *Id.*, ¶¶ 46, 55. Wild Encantos' musical plush toy parrot mimics the coloring of the parrot in nature, but incorporates a yellow beak and feet, and also incorporates a Puerto Rican flag stitched onto the parrot's belly. *Id.*, ¶ 27, 61. Both plush toys contain a chip that, when activated, mimics the sound of either the coquí or the parrot. *Id.*, ¶ 38. Both plush toys have hang tags attached, which contain information about either the coquí or the parrot. *Id.*, ¶¶ 24-25. Wild Encantos sells its plush toys in Walgreens, the convenience store at Luis Muñoz Marín International Airport, and other locations. *Id.*, ¶ 34, 73.

Wild Encantos alleges that MRJ produces plush toy coquí frogs and parrots that are substantially similar to those of Wild Encantos. *Id.*, ¶¶ 47, 63. The MRJ plush toy coquí is darker

---

[1] Plaintiff's complaint only perfunctorily requests a preliminary injunction, which does not properly comply with Fed. R. Civ. P. 65. **ECF No. 1**, at 2, 14. Accordingly, on December 30, 2024, the Court issued an order stating that it would not consider "any request for preliminary injunctive relief unless and until a separate motion to that effect is filed, notice is given to the defendants, and the provisions of Fed. R. Civ. P. 65 and L. Civ. R. 65 are otherwise complied with." **ECF No. 5**. On May 12, 2025, plaintiff moved for a preliminary injunction, **ECF No. 37**, a request which is now pending before the Court.

in color than the Wild Encantos toy, its eye placement and stance are different, and the MRJ plush toy coquí has a Puerto Rican flag stitched onto its leg, instead of onto its belly. *Id.*, ¶¶ 24, 25. The MRJ plush toy parrot has different dimensions than the Wild Encantos toy. *Id.*, ¶ 27. Both of MRJ's plush toys have a sound chip that, when activated, mimics the sound of either the coquí or the parrot. *Id.*, ¶ 45. The MRJ plush toys have hang tags attached, which contain information about either the coquí or the parrot. *Id.*, ¶¶ 47, 62. Both Supermax and Walmart sell the MRJ plush toys. *Id.*, ¶¶ 67, 70, 71. Wild Encantos alleges that the MRJ plush toys are lower-quality, counterfeit versions of the Wild Encantos plush toys. *Id.*, ¶¶ 76-80.

On February 25, 2025, Walmart filed an answer. **ECF No. 13**. On February 28, 2025, MRJ filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing in essence that: (a) Wild Encantos lacks standing to bring copyright claims; (b) plaintiff has failed to establish copyright infringement claims because there are no allegations concerning protectable elements (asserting that the Puerto Rico parrot and coqui frog are public domain species); (c) there are no substantial similarities between the products; (d) there are no allegations of wilful infringement; and (e) there is no violation of the Lanham Act. **ECF No. 16**, at 1. Plaintiff opposed, asserting its claims are properly supported, because "[f]urry frogs" and "[f]urry parrots are not found in nature," and as such, are not in the public domain. **ECF No. 25** (Mar. 18, 2025), at 5. Plaintiff also asserts that many features of its product and that of defendants are strikingly similar. *Id.*, at 5-8. Defendants replied re-asserting the grounds for dismissal. **ECF No. 39** (Mar. 25, 2025).

On March 11, 2025, plaintiff moved to substitute the party Supermercados Máximo, Inc. with Supermax Supermarkets, LLC, which the Court granted on March 21, 2025. **ECF Nos. 23, 26**. Subsequently, on May 16, 2025, Supermax filed a motion to dismiss pursuant to Fed. R. Civ. P. 10(a) and Fed. R. Civ. P. 12(b)(6). **ECF No. 39**. Plaintiff did not oppose the motion.

**II.     Legal Standard**

When ruling on a motion to dismiss brought pursuant to Fed. R. Civ. P 12(b)(6), courts must "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action. . . [and they] must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (cleaned up) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In order to perform this plausibility inquiry, the Court must "separate factual allegations from conclusory ones and then evaluate whether the factual allegations support a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citing *Iqbal*, 556 U.S. at 678, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "If the factual allegations in a complaint, stripped of conclusory legal allegations, raise no 'more than a sheer possibility that

a defendant has acted unlawfully,' the complaint should be dismissed." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 270 (1st Cir. 2022) (quoting *Rodríguez-Reyes*, 711 F.3d at 53, and *Iqbal*, 556 U.S. at 678). In sum, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

### III. Discussion

Both MRJ and Supermax filed motions to dismiss Wild Encantos' complaint. The Court addresses the issues in each motion below.

#### A.     MRJ's Motion to Dismiss

MRJ's motion to dismiss advances two primary arguments. First, MRJ argues that plaintiff lacks standing to assert copyright claims because it has "fail[ed] to specify whether it owns the copyright or whether its alleged 'exclusive license' grant[s] it the right to sue." **ECF No. 16**, at 6. MRJ argues in the alternative that, should the Court find the plaintiff has standing, plaintiff does not plausibly allege claims for copyright infringement, willful infringement, or for false association under the Lanham Act. *Id.*, at 6-7. Additionally, MRJ requests that the Court consider several photographs[2] in assessing its motion, claiming that the Court may consider

---

[2] These photographs depict side-by-side comparisons of the plush toys' hang tags and side-by-side comparisons of the plush toys from numerous different angles. *See* **ECF No. 16-1**.

these external documents without converting its motion into one for summary judgment. *Id.*, at 3-5.

### *1.   Copyright Act Claims*

First, the Court addresses MRJ's argument as to whether Wild Encantos has standing to bring a copyright claim. While couched in jurisdictional terms and hewing closely to a facial attack under Fed. R. Civ. P. 12(b)(1), this attack is brought under Fed. R. Civ. P. 12(b)(6). In either instance, the Court must take as true the well-pleaded allegations in the complaint, and doing so results in the inescapable conclusion that plaintiff has plausibly alleged it holds all copyrights that the owner, Angel Rodríguez-Miranda, acquired via judicial sale. *See* **ECF Nos. 1-1, 1-2**.

Although MRJ is correct in arguing that the Copyright Act "limits standing to sue for infringement to 'the legal or beneficial owner of an exclusive right under a copyright[,]'" its argument that plaintiff must "attach an[] assignment agreement or plead with specificity what rights, if any, were transferred to it" is incorrect. **ECF No. 16**, at 6. The only binding authority that MRJ cites in support of its purported standard is a copyright case that was decided at the summary judgment stage and, moreover, centered on a non-exclusive licensee's standing. *See Latin Am. Music Co. v. The Archdiocese Of San Juan of Roman Cath. & Apostolic Church*, 499 F.3d 32 (1st Cir. 2007). Where an exclusive licensee brings suit, the situation is different. "The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights."

*Peer Int'l Corp. v. Latin Am. Music Corp.*, 161 F. Supp. 2d 38, 53 (D.P.R. 2001) (citing *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 32 (2d Cir. 1982)).

The chain of plausible inferences from the well-pleaded allegations that leads the Court to the conclusion that Wild Encantos is the exclusive licensee is simple. Angel Rodríguez-Miranda acquired all the rights and privileges of the copyrights for the plush toy coquí frog (copyright registration number V3473D525) and plush toy parrot (copyright registration number VA0001138520), as well as the toys' accompanying hang tags (copyright registration numbers TX0005535397 and TX0005550274, respectively) though a judicial sale. **ECF Nos. 1-1, 1-2**. The Court reasonably infers that this acquisition was for the entire, undivided copyrights, as there is no indication from the well-pleaded facts that the acquisition was partial. **ECF No. 1-1**, ¶¶ 3-4. Rodríguez-Miranda, by his own sworn admission, then assigned all those copyrights to plaintiff. **ECF No. 1-1**, ¶ 6. Accordingly, the Court reasonably infers that plaintiff has the entire bundle of rights and privileges of these copyrights, 17 U.S.C. §§ 106-122, including the right to enforce their exclusivity. Thus, defendants' arguments that plaintiff fails to provide "evidence of a proper transfer," and that plaintiff lacks standing, fall flat. *See* **ECF No. 16**, at 6.

Before analyzing the plausibility of plaintiff's copyright claim, the Court will address whether it can consider extrinsic photographs without converting the motion into one for summary judgment. Ordinarily, documents not attached to the complaint, or not expressly incorporated therein, may not be considered by the Court on a motion to dismiss, unless the

proceeding is properly converted into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b). Under certain "narrow exceptions," however, "some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment. . . . These exceptions include 'documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; [and] . . . documents sufficiently referred to in the complaint.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). MRJ argues that the authenticity exception should apply here, and although plaintiff does not specifically contest the authenticity of the photographs, it objects to the Court assessing such photographs without converting the motion into one for summary judgment. *See* **ECF No. 25**, at 3, **ECF No. 30**, at 3. In any event, MRJ has provided no sworn statement accompanying the photographs that would properly authenticate them. *See* Fed. R. Evid. 901. Therefore, the Court will not consider defendant's proposed photographs, which are documents extrinsic to the complaint and do not fall into any of the acceptable "narrow exceptions." *See Freeman*, 714 F.3d at 36. The Court's consideration of defendant's proposed photographs, however, ultimately is inapposite to its plausibility analysis of plaintiff's copyright claims, which are addressed next.

In order to state a plausible copyright infringement claim, the plaintiff must prove three elements: (1) a registered copyright, (2) "ownership of a valid copyright," and (3) "copying of constituent elements of the work that are original." *Airframe Sys. v. L-3 Commc'ns. Corp.*, 658 F.3d

100, 105 (1st Cir. 2011). The first two prongs of the plausibility analysis are met by plaintiff's pleadings – that is, there is a registered copyright, and plaintiff is the exclusive licensee. *See* **ECF No. 1**, ¶¶ 39-41. The third prong involves a bifurcated inquiry, which is whether (1) "as a factual matter, the putative infringer copied the protected work" and (2) the "copying was so egregious as to render the allegedly infringing and infringed works substantially similar." *Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009) (citations omitted). "Copying can be established through circumstantial evidence by plausibly alleging both access to and substantial similarity with the copyrighted work." *D&Z Auction Resellers, LLC v. Chinea*, No. CV 20-1251 (JAG), 2021 WL 12328705, at *3 (D.P.R. Aug. 2, 2021). Substantial similarity is measured by the "ordinary observer" test, which measures "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protected expression by taking material of substance and value." *Yankee Candle Co. v. Bridgewater Candle Co., LLC*, 259 F.3d 25, 33 (1st Cir. 2001). That is, if the points of similarity between the works exceed the points of dissimilarity, then a finding of substantial similarity is likely. *Id*.

Here, plaintiff has plausibly alleged that MRJ had access to the plush toys, as plaintiff alleges that the plush toys were readily available in public stores like Walgreens. *See* **ECF No. 1**, ¶¶ 34-36. Additionally, plaintiff has plausibly alleged that "a sufficient degree of similarity exists between" the coquí plush toys (including the distinctive stitching pattern, the stitched

Puerto Rican flag, the pose of the coquí, the dimensions of the toy, the hang tag, and sound chip feature), *see id.*, ¶¶ 49, 53-54, 55-60, 68-69, and the parrot plush toys (including the yellow beak and feet, placement of the Puerto Rican flag, hang tag, and sound chip feature), *see id.*, ¶¶ 27, 61-62, 65. *See Johnson v. Gordon*, 409 F.3d 12, 18 (1st Cir. 2005). Finally, although a true determination of substantial similarity is only proper at the summary judgment stage, here the Court need only evaluate whether Wild Encantos has made a plausible showing of substantial similarity. *Id*. At the motion to dismiss stage in this case, plaintiff has indeed plausibly alleged that the MRJ plush toys are substantially similar to those of Wild Encantos based on certain specific features including their hang tags, sound chip feature, coloring, stance, and embroidered Puerto Rico flags. *See* **ECF No. 1**, ¶¶ 44-63. Because Wild Encantos has made a plausible showing as to the required elements of copyright infringement, MRJ's motion to dismiss as to the copyright claims is **DENIED**.

        2.       *Willful Infringement*

Plaintiff alleges, regarding willful infringement, that "[u]pon information and belief, [d]efendants' acts as hereinabove alleged are willful infringements of and have irreparably harmed the [p]laintiff's copyrights and exclusive rights and threaten further infringements and further irreparable harm to [p]laintiff's copyrights and exclusive rights." **ECF No. 1**, ¶ 89. "An

infringement is willful under § 504 if it is 'knowing.'" *Sony BMG Music Ent. v. Tenenbaum*, 660 F.3d 487, 508 (1st Cir. 2011).

Plaintiff makes no allegations, however, regarding whether MRJ *knowingly* infringed on Wild Encantos' copyrights. As MRJ argues persuasively, the complaint does not allege "that [d]efendants had access to the original designs or took deliberate steps to copy" the designs, nor does the complaint allege that Wild Encantos sent defendant "cease-and-desist letters [or] pre-litigation correspondence" or the occurrence of "industry events that might have put [d]efendant[] on notice." **ECF No. 16**, at 12-13. Plaintiff merely alleges that the plush toys were readily available in public stores like Walgreens. *See* **ECF No. 1**, ¶¶ 34-36. While this is sufficient to plausibly allege that MRJ had *access* to the toys, it is not sufficient to constitute the element of *knowledge*, which is necessary for an allegation of wilful infringement. *See Sony*, 660 F.3d at 508.

Because Wild Encantos makes no plausible willful infringement claims, MRJ's motion to dismiss as to these claims is **GRANTED** and plaintiff's willful infringement claim is **DISMISSED**.

### 3. *Lanham Act Claims*

Defendant alleges that plaintiff's claims for false designation of origin and false description under the Lanham Act should be dismissed because plaintiff does not allege "any instances of actual consumer confusion." **ECF No. 16**, at 17. Additionally, defendant argues that plaintiff's "conflation of legal theories is a fatal pleading defect warranting dismissal." *Id*., at 13.

In its opposition, plaintiff argues only that "WE, LLC makes no trademark claim in this case," and otherwise fails to oppose defendant's attack on its Lanham Act claims. **ECF No. 25**, at 10. However, section 43(a) of the Lanham Act provides a trademark-based cause of action for registered and unregistered trademarks, including trade dress. *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 209 (2000). The Court therefore construes plaintiff's statement that "WE, LLC makes no trademark claim in this case" to be a renunciation of any Lanham Act claims. *See id*. Defendant's motion to dismiss as to the Lanham Act claims is therefore **GRANTED** and plaintiff's Lanham Act claims are **DISMISSED**.

    *4.  Corporate Officers' Liability: José González and Joel González*

As to the claims against José González and Joel González, plaintiff alleges that each individual "took an active role in importing, marketing and selling the copyrighted products and profits personally from the infringements of the intellectual property of WE, LLC through the sale of knock offs at Wal-mart and other retail outlets." **ECF No. 1**, ¶¶ 7-8. Defendant argues that the complaint makes only "generalized assertions of managerial authority rather than specific facts demonstrating personal involvement in the alleged infringing acts." **ECF No. 16**, at 19.

A "complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable." *Redondo Waste Sys., Inc. v. López-Freytes*, 659 F.3d 136,

140 (1st Cir. 2011). If a defendant is not "specifically linked to any actionable conduct," then the complaint is subject to dismissal for failing the plausibility threshold. *Id*.

Here, Wild Encantos' complaint makes only one reference to either José González and Joel González. The sole allegation as to José González and Joel González merely recites the elements of the cause of action against the individual defendants. *See* **ECF No. 1**, ¶¶ 7-8. The complaint attempts to transpose the allegations against the corporate entity MRJ to the individual defendants by stating that "MRJ, José Rivera González, and Joel Rivera González are collectively referred to herein as the MRJ Defendants." **ECF No. 1**, ¶ 9. It is clear, however, that each of the allegations in the complaint refers to the conduct of MRJ as a corporate entity, and not to the individual actions of either José González or Joel González. Without any allegations as to the individual conduct of José González or Joel González, the complaint fails to "apprise defendants of the claims against them," and therefore fails to state any claim upon which relief can be granted as to José González or Joel González. *Redondo Waste Sys.*, 659 F.3d at 3.

Therefore, defendant's motion to dismiss as to José González and Joel González is **GRANTED** and plaintiff's corporate liability claims are **DISMISSED**.

### B.     Supermax's Motion to Dismiss

Supermax argues that the complaint should be dismissed pursuant to Fed. R. Civ. P. 10(a)(2) and 12(b)(6). The motion to dismiss hinges on the argument that "the operative [c]omplaint has not been amended" and there "are no allegations against Supermax in the

[c]omplaint and no specific conduct or possible liability" that could be attributed to Supermax. **ECF No. 39**, ¶ 21.

Plaintiff did not oppose Supermax's motion to dismiss. The Court notes that this is now the second time that plaintiff has failed to oppose one of the defendant's motions. *See* **ECF Nos. 31, 36**.[3] This District Court's Local Rules provide that, "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have *waived* any objection to the motion." L. Civ. R. 7(b) (emphasis added). That rule "authorizes the presiding district judge to summarily grant the unopposed motion, at least when the result does not clearly offend equity." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) (cleaned up); *see also Jones v. Providence Pub. Schs.*, No. 23-1407, 2024 WL 1128034, at *1 (1st Cir. Mar. 11, 2024) (reasoning that, in order to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on procedural default, "the relevant local rule generally must impose a mandatory requirement to file an opposition and/or must warn that a plaintiff will be deemed to have waived arguments in opposition to dismissal if that plaintiff does not file an opposition. . . ."). Indeed, "[w]here a local rule expressly requires a response to a motion, the non-moving party is placed on notice that failure to respond could result in a procedural default." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (citing *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990)). Here, plaintiff has failed to oppose

---

[3] The failure to oppose resulted in the dismissal of related claims. **ECF No. 36**.

Supermax's motion to dismiss, and thus the Court deems that plaintiff waived any ground for or argument in opposition.

Supermax's motion to dismiss is therefore **GRANTED** and plaintiff's claims against Supermax are **DISMISSED**.

**IV.    Conclusion**

For all of the above reasons, the Court **GRANTS IN PART, DENIES IN PART** MRJ's motion to dismiss at **ECF No. 16** and **GRANTS** Supermax's motion to dismiss at **ECF No. 39**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of September, 2025.

                **S/AIDA M. DELGADO-COLÓN**
                **United States District Judge**