UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WE, LLC d/b/a WILD ENCANTOS,
    Plaintiff,

v.

MRJ DISTRIBUTORS, INC., ET AL.,
    Defendants.

Civil No. 24-1584 (ADC)

**OPINION AND ORDER**

**I.    Factual and Procedural Background**

On October 1, 2025, Magistrate Judge Mariana E. Bauzá-Almonte presided over a preliminary injunction hearing. **ECF No. 59**. At this hearing, plaintiff WE, LLC ("Wild Encantos" or "plaintiff") informed the Court that it would withdraw its preliminary injunction request as to defendant Wal-Mart of Puerto Rico ("Walmart") because Walmart had agreed voluntarily to cease selling the products of co-defendant MRJ Distributors, Inc. ("MRJ") in its stores for the period of the litigation, premised on plaintiff's agreement to refrain from requesting preliminary injunctive relief against Walmart. The Court ordered Wild Encantos and Walmart to file a document memorializing their agreement within ten days. **ECF No. 59**. Accordingly, on October 14, 2025, Wild Encantos and Walmart (the "MOU Parties") filed a Memorandum of Understanding ("MOU") and requested that the document be restricted as to "the parties to this case." **ECF Nos. 64, 65**. The Magistrate Judge granted the motion to restrict the MOU, despite

the MOU containing no particularly sensitive or proprietary information. **ECF No. 67**.[1]

Subsequently, MRJ filed an Amended Answer and Counterclaim on November 17, 2025, which included an additional Sherman Act counterclaim. **ECF No. 74**. Wild Encantos filed an Answer to the Amended Counterclaim on December 29, 2025, and moved to restrict the document. **ECF Nos. 88, 89**. The MOU Parties filed a joint motion on December 30, 2025, requesting that the Court place MRJ's Counterclaim and Amended Counterclaim under seal, "consider striking the pleadings as a sanction," and "grant any other relief the Court deems just and proper." **ECF No. 90.** For the reasons articulated below, Wild Encantos' motion at **ECF No. 89** is **GRANTED IN PART** and the MOU Parties' motion at **ECF No. 90** is **GRANTED IN PART**.

II.     **Legal Standard**

"Procedures in federal courts are characteristically public in nature. The court will not tolerate and will sanction any attempt to restrict filings that are obviously within the public domain." D.P.R. S.O. No. 9, Misc. No. 03-149 (ADC). Standing Order No. 9 further states that:

> Permission to utilize a particular restricted filing and viewing level shall be requested by filing a "Motion to Restrict" which shall be open to public inspection and shall identify the restriction level sought, address the interest to be protected, and indicate why such interest outweighs the presumption of public access. Stipulations between the parties are insufficient to justify restricted access.

---

[1] The essence of the agreement reached as reflected in the MOU is the same reflected at ECF No. 59, which is part of the public record.

**III.     Discussion**

At the outset, the Court must clarify two basic issues with the MOU Parties' request. The MOU Parties request that the Court place **ECF Nos. 78** and **83** under seal, but **ECF No. 78** is an Order from the Court regarding service by publication and **ECF No. 83** is MRJ's response to plaintiff's motion for an extension of time. Despite the MOU Parties' consistent citation to these docket numbers, the Court believes that the MOU Parties intended to request that MRJ's Answer and Counterclaim (**ECF No. 63**) and Amended Answer and Counterclaim (**ECF No. 74**) be placed under seal. Yet MRJ's Answer and Counterclaim (**ECF No. 63**) was filed on October 12, 2025, before the MOU even was filed on October 14, 2025. Accordingly, **ECF No. 63** contains no reference to the MOU. Meanwhile, the Amended Answer and Counterclaim does contain several references to the existence of the MOU and contains a few references to the contents of the MOU, which is a restricted, not "sealed," document. **ECF No. 74**.

It is not lost on the Court that it was the MOU Parties' own filing error that permitted "the parties to this case," including co-defendant MRJ, to access the MOU. **ECF No. 65.** And although the MOU Parties articulated no compelling reason against the presumption of public access to the Amended Counterclaim and Answer thereto, it logically follows that, because the original MOU was restricted to "the parties to this case," subsequent references to the terms of the MOU should likewise remain restricted. This should not, however, limit public access to the entirety of MRJ's Amended Answer and Counterclaim or Wild Encantos' Answer to the Counterclaim.

Accordingly, MRJ and Wild Encantos will need to file publicly available versions of these documents, redacting any references to the contents of the MOU.

**IV.  Conclusion**

The motions at **ECF Nos. 89** and **90** are **GRANTED IN PART**. The Clerk of Court shall restrict access to **ECF No. 74** to the parties to this case. MRJ is **ORDERED** to file a public and redacted version of **ECF No. 74** with all references to the contents of the MOU redacted. **ECF No. 88** shall remain with access restricted to the parties to this case. Wild Encantos is **ORDERED** to file a public and redacted version of **ECF No. 88** with all references to the contents of the MOU redacted.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of January, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**