UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WE, LLC d/b/a WILD ENCANTOS,
    Plaintiff,

v.                                                     Civil No. 24-1584 (ADC)

MRJ DISTRIBUTORS, INC., ET AL.,
    Defendants.

**OPINION AND ORDER**

Pending before the Court is United States Magistrate Judge Mariana E. Bauzá-Almonte's Report and Recommendation ("R&R") issued on October 23, 2025, recommending the denial of plaintiff WE, LLC's ("plaintiff") motion for a preliminary injunction. **ECF No. 69**. On November 6, 2025, plaintiff filed objections to the Magistrate Judge's R&R. **ECF No. 72.** Defendant responded to the objections on November 18, 2025. **ECF No. 76**.

For the reasons set forth below, after careful consideration, plaintiff's objections are **OVERRULED**, and the R&R is **ADOPTED**.

**I.**     **Factual and Procedural Background**

The R&R aptly summarizes plaintiff's extensive history of copyright infringement litigation in federal court, as well as the factual and procedural history of the current case. **ECF No. 69**, at 2-8. Thus, neither needs to be repeated at length here. By means of a brief review, however, plaintiff alleges copyright infringement by MRJ Distributors, Inc. ("MRJ" or "defendant") of a musical plush toy coquí frog, a musical plush toy parrot, and the toys'

accompanying hang tags. **ECF No. 1**, ¶¶ 23, 28-29. Plaintiff seeks preliminary and permanent injunctive relief, damages, and reasonable attorney's fees pursuant to 17 U.S.C. § 101 *et. seq.* and 15 U.S.C. § 1125. *Id.*, at 14-15. Plaintiff's complaint only perfunctorily requested a preliminary injunction, which did not properly comply with Fed. R. Civ. P. 65. *Id*. Accordingly, on December 30, 2024, the Court issued an order stating that it would not consider "any request for preliminary injunctive relief unless and until a separate motion to that effect is filed, notice is given to the defendants, and the provisions of Fed. R. Civ. P. 65 and L. Civ. R. 65 are otherwise complied with." **ECF No. 5**. On May 12, 2025, plaintiff moved for a preliminary injunction. **ECF No. 37**. MRJ filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), which plaintiff opposed and to which MRJ replied. **ECF Nos. 16, 25, 30, 39.** The Court denied MRJ's motion, and referred its request for preliminary injunctive relief to the Magistrate Judge for a hearing and an R&R. **ECF Nos. 54-56**.

On October 1, 2025, the Magistrate Judge held a hearing on the preliminary injunction and received testimony from plaintiff and defendant MRJ.[1] On October 23, 2025, the Magistrate Judge issued an R&R, recommending the denial of plaintiff's preliminary injunction motion. **ECF No. 69**, at 1. The R&R discusses the hearing testimony, detailing how much of plaintiff's testimony centered on the similarities and dissimilarities between Wild Encantos' and MRJ's

---

[1] At the hearing, plaintiff withdrew its preliminary injunction request as to defendant Wal-Mart of Puerto Rico ("Walmart"), and thus the Magistrate Judge did not receive testimony regarding the preliminary injunction from Walmart. **ECF Nos. 59, 64**.

plush toys. *Id.*, at 7-8. Additionally, the R&R describes how, when the Magistrate Judge asked Wild Encantos' about its evidence regarding irreparable harm resulting from the alleged copyright infringement, Wild Encantos stated only that the presence of the lookalike plush toys in the market was sufficient by itself to prove irreparable harm. *Id.*, at 8. On the basis that Wild Encantos' argument regarding irreparable harm "appear[ed] to be premised entirely on the now defunct presumption of irreparable harm," the Magistrate Judge recommended denying the request for a preliminary injunction. *Id.*, at 11-13.

On November 6, 2025, plaintiff filed objections to the Magistrate Judge's R&R. **ECF No. 72.** Plaintiff makes two objections to the R&R. First, plaintiff argues that the Magistrate Judge erred in not considering all four factors a party must satisfy for the issuance of an injunction, particularly the first factor, whether plaintiff would be likely to succeed on the merits. **ECF No.** 72, at 4. Secondly, Wild Encantos objects to the R&R 's conclusion that it would not suffer irreparable harm in the absence of an injunction because, in conducting the irreparable harm analysis, the Magistrate Judge incorporated the likelihood of confusion standard, which is applicable to trademark, not copyright, cases. *Id.*, at 4-6.

Defendant countered both objections, arguing that, as to the first objection, the R&R need not have addressed the likelihood of success on the merits if there was ultimately no finding of irreparable harm. **ECF No. 76**, at 6-8. As to Wild Encantos' second objection, defendant argued that, because no dispositive presumption of irreparable harm exists in copyright cases, and

because plaintiff presented no evidence to support any such finding, the R&R did not err in its finding of no irreparable harm. *Id.*, at 2-5.

## II. Standard of Review

United States Magistrate Judges are granted authority to make proposed findings and recommendations on a motion to dismiss, while the ultimate resolution of the motion remains at the discretion of the presiding judge. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *accord* L. Civ. R. 72(a)(1). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States,* Civ. No. 06–1004 (PG), 2008 WL 3287236, at *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir. 1987)).

To the extent a party's objections are little more than general or conclusory, without specifying to which issues the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate judge, a *de novo* review may be unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.*

(citing *Camardo v. Gen. Motors Hourly–Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also*, *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández–Mejías v. Gen. Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125–26 (D.R.I. 2004)). The Court, however, "is not required to make separate findings of fact or issue an opinion setting forth its own reasoning." *United States v. Bach*, 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998)).

### III.   Discussion

Plaintiff's first objection to the R&R, that the Magistrate Judge erred in not considering all four factors required to issue an injunction, is entitled to *de novo* review. *Sylva*, 389 F. Supp. 2d at 191–92. The four factors that a movant must satisfy for a Court to issue a preliminary injunction are: "(1) a substantial likelihood of success on the merits, (2) a significant risk of

irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

In its objections to the R&R, Wild Encantos cites to *Grant v. Trial Court of Commonwealth*, 137 F 4th 1,4 (1st Cir. 2025), to support its argument that that the Magistrate Judge should have analyzed each and every one of the four factors. **ECF No. 72**, at 4. Yet the case stands for the same standard already articulated above – for a preliminary injunction to issue, the movant must satisfy all four factors in his or her favor, not that the court *must* analyze every one of the four factors before declining to issue a preliminary injunction. *See Russomano v. Novo Nordisk Inc.*, 960 F.3d 48, 55 (1st Cir. 2020) (finding no error in the district court's "decision not to analyze the remaining factors in the test for a preliminary injunction before denying the motion."). Indeed, the First Circuit is clear that, while "[t]he first two factors are the most important" in analyzing a request for a preliminary injunction, such a request can be denied solely with no showing of irreparable harm. *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th (1st Cir. 2022) (affirming the denial of a preliminary injunction where "appellants made virtually no effort to show irreparable harm."). The Magistrate Judge, therefore, did not err in determining that, because there was no significant risk of irreparable harm, no preliminary injunction would issue. **ECF No. 69**, at 13. Plaintiff's first objection holds no water.

As to plaintiff's second objection, that it is suffering the threat of irreparable harm, plaintiff does little more than raise the same arguments presented to – and rejected by – the Magistrate Judge.[2] At the hearing, plaintiff argued that it would suffer irreparable harm both because the allegedly infringing plush toys were being sold at a cheaper price and because their presence in the market confused some consumers. **ECF No. 69**, at 8. However, when the Magistrate Judge specifically inquired whether plaintiff's "argument [was] that sort of the mere existence of what you're calling an infringing product causes irreparable injury to your client," plaintiff's counsel answered "exactly." *Id*. As the R&R points out, and as plaintiff's counsel acknowledged both at the hearing and in its objections to the R&R, there is no longer a presumption of irreparable harm in copyright cases. *Id.*; **ECF No. 72**, at 4. Although plaintiff offered vague allegations that it was concerned about lower-priced knockoffs and competition from these products at Walmart and Supermax, it offered no evidence as to whether the sales of the allegedly infringing toys actually caused an injury. Accordingly, the Magistrate Judge was correct in finding that, absent any concrete evidence as to irreparable harm, plaintiffs had failed to present a showing of the same.

---

[2] While plaintiff also raises the argument that the Magistrate Judge, in conducting the irreparable harm analysis, incorporated the likelihood of confusion standard, which is applicable to trademark, not copyright, cases, plaintiff itself was the party who raised the likelihood of confusion argument at the preliminary injunction hearing. *See* Tr. of Prelim. Inj. Hearing at 151:22-153:14; 159:4-160:4.

### IV.    Conclusion

For all of the above reasons, the Court **ADOPTS** the Magistrate Judge's R&R at **ECF No. 69**. Consequently, plaintiff's objections to the R&R at **ECF No. 72** are **OVERRULED** and the request for a preliminary injunction at **ECF No. 37** and accompanying supplemental motion at **ECF No. 41** are **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of January, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**