THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WE, LLC D/B/A WILD ENCANTOS,

     Plaintiff,

     v.

MRJ DISTRIBUTORS, INC, ET AL.,

     Defendants.

Civil No. 24-1584 (ADC)

## OPINION AND ORDER

Pending before the Court is co-defendant Wal-Mart Puerto Rico Inc.'s ("Wal-Mart") motion for judgment on the pleading pursuant to Fed. R. Civ. P. 12(c). **ECF No. 101**.

Considering the procedural background of this case, particularly the fact that this Court has already issued several Opinions and Orders, the Court assumes the parties' familiarity with the facts of this copyright action and will go straight to the arguments in pending motions. For the following reasons, the motion is **GRANTED IN PART; DENIED IN PART**.

## I.    Factual and Procedural Background

Wal-Mart argues that the complaint filed by plaintiff, WE, LLC d/b/a WILD ENCANTOS omits necessary factual content to link it to specific grounds for liability, relying instead on sparse and conclusory allegations. **ECF No. 101** at 1-2. It emphasizes that while the complaint accuses "Defendants" collectively of infringing conduct, the specific allegations regarding Wal-Mart are limited strictly to the resale of finished products rather than the act of copying itself.

**Civil No. 24-1584 (ADC)**                                                              **Page 2**

Wal-Mart repeatedly states that the complaint "must allege" an "act of copying," "not merely that defendant sold a product…." *Id.*, at 3. Walmart cites a previous ruling in this case where claims against individual defendants (principals of legal entities, sued in their personal capacities) were dismissed for similar deficiencies in the pleading of specific conduct. *See* Opinion and Order at **ECF No. 56**.

Regarding contributory infringement, Wal-Mart argues that the complaint fails to plausibly allege its "knowledge" of the infringement. In Wal-Mart's view, simply knowing a competitor sells similar products in the marketplace is not the same as knowing that a supplier's products are infringing. *Id.*, at 5-7. Wal-Mart emphasizes that the Complaint identifies no pre-suit notice, cease-and-desist letters, or industry events that would have put them on notice of the alleged copyright violations. *Id.*

Finally, Wal-Mart challenges the claim grounded on vicarious liability. In that regard, it notes a complete absence of allegations that Wal-Mart had the right or ability to supervise the infringing conduct. *Id.*, at 7.

Plaintiff filed a response. **ECF No. 102**. It argues that the distribution of infringing works per se constitutes a direct violation of the exclusive rights granted to copyright owners under 17 U.S.C. § 106(3). According to the opposition, intent is not a required element for a copyright infringement cause of action, as it is similar to a strict liability tort. Thus, plaintiff asserts that

because Wal-Mart admits to distributing the infringing products, it has committed direct copyright infringement regardless of its intent.

The plaintiff further challenges Wal-Mart's legal interpretation that a defendant must participate in the physical act of copying to be liable for direct infringement. Instead, it argues that "copying" is used as shorthand for violating any of the exclusive rights set forth in 17 U.S.C. § 106, which explicitly includes the right of distribution or selling. Plaintiff contends that because Wal-Mart received the goods, distributed them, and sold them to individual customers for a pecuniary benefit, knowledge is irrelevant to a theory of direct liability. As to the pleading standard, plaintiff contends that its allegations against Wal-Mart are factually and legally sufficient to survive a motion for judgment on the pleadings.

In reply, Wal-Mart argues that the plaintiff's opposition misapprehends its motion by claiming it sought dismissal based on a lack of "intent to infringe." **ECF No. 103-1**. Wal-Mart clarifies that while infringement can be considered a strict liability tort where intent is not a required element, it still requires volitional conduct by the defendant that causes infringement in some meaningful way.

Regarding contributory and vicarious liability, Wal-Mart notes that the plaintiff failed to provide a meaningful response to its independent arguments on these points. On the topic of contributory infringement, Wal-Mart reiterates that mere market access or knowledge that a competitor sells similar plush toys does not equate to infringement. Regarding vicarious

**Civil No. 24-1584 (ADC)**                                                        **Page 4**

liability, Wal-Mart also reiterates that the plaintiff has not alleged any contractual or practical right to supervise the manufacturing and design decisions.

## II.     Discussion[1]

This Court has previously dismissed several claims in this case on the grounds that plaintiff waived arguments in opposition. *See* **ECF No. 53**. Plaintiff again has failed to present Local Rule 7-compliant arguments in opposition to Wal-Mart's motion for judgment on the pleadings. Although plaintiff opposed the dismissal of the direct infringement claims, it failed to present any meaningful response to Wal-Mart's arguments for dismissal of contributory infringement or vicarious liability claims. Notably, this omission went unaddressed even though it was flagged by Wal-Mart in its reply. **ECF No. 103-1**.

This District Court's Local Rules provide that, "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have *waived* any objection to the motion." L. Civ. R. 7(b) (emphasis added). That rule "authorizes the presiding district judge to summarily grant the unopposed motion, at least when the result does not clearly offend equity." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) (internal quotation marks omitted). *See also Jones v. Providence Pub. Schs.*, No. 23-1407, 2024 WL 1128034, at 1 (1st Cir. Mar. 11, 2024) (reasoning that, in order to grant

---

[1] "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." *Marrero-Gutiérrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007).

a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on procedural default, "the relevant local rule generally must impose a mandatory requirement to file an opposition and/or must warn that a plaintiff will be deemed to have waived arguments in opposition to dismissal if that plaintiff does not file an opposition…."). Indeed, "[w]here a local rule expressly requires a response to a motion, the non-moving party is placed on notice that failure to respond could result in a procedural default." *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (citing *Pinto v. Universidad De Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990)).

Because dismissal here does not clearly offend equity, the motion for judgment on the pleadings at **ECF No. 101** is **GRANTED IN PART**. The Court hereby dismisses with prejudice plaintiff's claims for contributory and vicarious liability.

As to Wal-Mart's request for dismissal of direct infringement claims, the motion at **ECF No. 101** is **DENIED**. As the movant, Wal-Mart failed to point to any authority supporting its theory that a copyright plaintiff "must allege that the defendant engaged in the act of copying—not merely that the defendant sold a product…." **ECF No. 101** at 3. Moreover, Wal-Mart's contention that the complaint fails to include plausible allegations for distribution-based direct infringement claims does not carry the day. Yes, the complaint is borderline insufficient in this regard, and plaintiff has not moved to amend, but there are just enough factual allegations to nudge the claims from the speculative to the plausible. According to Wal-Mart:

> Paragraph 10 [of the complaint] alleges Walmart 'sells the infringing products and knows that the copyrighted products are sold at numerous

**Civil No. 24-1584 (ADC)** **Page 6**

> retail outlets, including Walgreens.' Docket No. 1, ¶ 10. Paragraph 64 alleges Walmart 'infringed by selling the infringing products, knowing that the original, copyrighted products are sold by its competitors.' Id. ¶ 64. Paragraph 70 alleges Walmart 'sells the infringing products with the copied hangtags.' Id. ¶ 70. Paragraphs 78–79 identify the price points at which Walmart allegedly sold the plush toys. Id. ¶¶ 78–79.

**ECF No. 101** at 3. Although not a paragon of clarity, according to the authorities provided in plaintiff's brief, these allegations contain just enough information to reach the plausibility bar.

Again, Wal-Mart failed to point to any authority supporting its proposition that there are no colorable direct copyright infringement claims available unless a plaintiff "establishes Walmart's copying, design involvement, authorization, or control. They amount to nothing more than legal conclusions wrapped in resale allegations." **ECF No. 103-1** at 4.  Plaintiff, on the other hand, points to *Ortiz-González v. Fonovisa*, 277 F.3d 59, 62 (1st Cir. 2002), where the First Circuit explained that "the act of distribution is a direct infringement itself, not an act of contributory or vicarious infringement." Moreover, it is uncontested that "anyone who violates **any** of the exclusive rights of the copyright owner... is an infringer of the copyright." *Id.*, (quoting 17 U.S.C. § 501(a)(emphasis added)). It is also uncontested that "the owner of a copyright… has the exclusive rights to... (3) to distribute copies… by sale." *Id.*, (quoting 17 U.S.C. § 106(3)). Therefore, Wal-Mart's unsupported argument that a claim of distribution-based direct requires more, pleading wise, is unavailing.

For these reasons, the Court **GRANTS IN PART; DENIES IN PART** the motion at **ECF No. 101**, and dismisses with prejudice the contributory infringement and vicarious liability claims against Wal-Mart.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 5th day of August, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**